UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALFRED MAYO** | : | **DOCKET NO. 2:21-cv-0864** |
| **DOC # 629775** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **DARREL VANNOY** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus [doc. 1] filed by pro se petitioner Alfred Mayo ("petitioner"). The petitioner is an inmate in the custody of the Louisiana Department of Safety and Corrections. The respondent opposes the petition [doc. 9]. The petition is now ripe for review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that all claims be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

### I.
#### BACKGROUND

*A. Conviction*

The petitioner was indicted on February 8, 2013, on ten counts of aggravated rape, violations of La.R.S. 14:42, three counts of sexual battery, violations of La.R.S.14:43.1, and one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81. *See State v. Mayo,* 14-1296 ( La. App. 3 Cir 06/3/15), 165 So. 3d 436, 437.

A jury trial commenced on September 23, 2014, and on September 24, 2014, petitioner was found guilty as charged. *Id*. On March 11, 2011, he was sentenced to ten terms of life imprisonment for the aggravated rape convictions, twenty-five years imprisonment on each of the three counts of sexual battery, and two years imprisonment on the single count of indecent behavior with a juvenile. All sentences were ordered to be served concurrently without the benefit of probation, parole, or suspension of sentences. *Id*. The defendant filed a "Motion for New Trial/Post Verdict Judgment of Acquittal and Motion for Reconsideration of Sentence" on October 6, 2014, which was denied without written reasons.

### B. Direct Appeal

Petitioner, through counsel, timely filed a direct appeal in the Louisiana Third Circuit Court of Appeal raising the sole claim that the life sentences imposed on the convictions for aggravated rape were excessive under the circumstances of the case. *Id*. The Third Circuit affirmed the conviction and sentence. *Id.* at 440. His subsequent supervisory writ to the Louisiana Supreme Court was denied. *State v. Mayo*, 2015-01329 (La. 09/06/16), 105 So.3d 912.

### C. State Collateral Review

On or about February 24, 2017, Mayo filed an Application for Post-Conviction Relief in the trial court, alleging ineffective assistance of trial counsel. Specifically petitioner alleged: (1) ineffective assistance of trial counsel in failing to object to the trial judge's erroneous instruction on the law of aggravated rape; (2) the indictment was not brought in open court by the grand jury and counsel was ineffective for failing to file a motion to quash the indictment; (3) ineffective assistance of trial counsel in failing to file a motion to determine competency of the minor victim; (4) ineffective assistance of trial counsel in his failure to fully and sufficiently cross-examine the minor victim; (5) ineffective assistance of trial counsel due to a conflict between him and counsel;

and (6) a general claim of ineffective assistance of counsel. Doc. 9, att. 7, p. 284- doc. 9, att. 8, p. 14. Petitioner supplemented his application to clarify that claim (6) should read that trial counsel failed to object to the mode of trial; particularly, that counsel was ineffective for failing to request a unanimous jury verdict. *Id*. at p. 42.

A hearing was conducted on November 9, 2017. Mayo's counsel informed the court that all issues, other than the claim that trial counsel was ineffective for failing to request a unanimous jury, were abandoned. *See* doc. 9, att. 2, p. 28. On August 15, 2018, the trial court denied the petitioner's application for post-conviction relief on the sole issue of whether trial counsel was ineffective in failing to request a unanimous verdict. *Id*. at pp. 59-60. The petitioner filed an application for supervisory writs with the Third Circuit and on March 25, 2020, the Third Circuit denied his petition. *Id*. at p. 87. On November 18, 2020, the Louisiana Supreme Court denied writs. *State v. Mayo*, 2020-1101 (La. 11/18/20), 304 So. 3d 65.

### D. Federal Habeas Petition

The instant petition was filed in this court on March 30, 2021, raising the following issues: (1) ineffective assistance of trial counsel in failing to object to the trial judge's erroneous instruction on the law of aggravated rape; (2) the indictment was not brought in open court by the grand jury and counsel was ineffective for failing to file a motion to quash the indictment; (3) ineffective assistance of trial counsel in failing to file a motion to determine competency of the minor victim; (4) ineffective assistance of trial counsel in his failure to fully and sufficiently cross-examine the minor victim; and (5) ineffective assistance of trial counsel due to a conflict between him and counsel; and (6) ineffective assistance of counsel, for the reasons stated in claims 1-5[1]. Doc. 1.

---

[1] The Court points out that the claim that trial counsel was ineffective in failing to request a unanimous verdict was not raised in the Petition filed in this Court. Doc. 1.

## II.
## LAW & ANALYSIS

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. Exhaustion of State Court Remedies

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before

filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

C. *Application*

Pursuant to the state court record provided by the State, it is clear that the claims brought by petitioner alleging ineffective assistance of trial counsel, are unexhausted due to his abandonment of them at the trial court and failure to raise them in the state appellate courts. The petition for writ of habeas corpus should be dismissed, without prejudice to Mayo's right to reassert this matter once all of his claims are exhausted.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 5th day of July, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE